IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRANDON H. CORBETT, individual, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TCS, INC. d/b/a THUNDERBIRD COLLECTIONS<br><br>　　　　　Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Brandon H. Corbett ("Plaintiff"), alleges:

## INTRODUCTION

1. Plaintiff brings this action against TCS, Inc. ("Defendant") for engaging in illegal practices in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURSIDICTION AND VENUE

2. Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or

emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4. Plaintiff is a consumer.

5. Defendant is a corporation doing business in Arizona with its principal place of business located at 3200 N. Hayden Road, Scottsdale, Arizona 85251.

6. Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. On a date better known by Defendant, Plaintiff incurred an alleged debt due and owing for rent on a personal apartment to Laguna at Arrowhead ("Original Creditor").

8. Shortly after beginning the lease, Plaintiff needed to terminate it due to losing his job.

9. As a result of Plaintiff's early termination, the Original Creditor charged Plaintiff a penalty of $2,610 at the time of termination. Prior to this penalty, Plaintiff had a negative balance with the original creditor due to over payment.

10. After Plaintiff refused to pay the penalty, the debt was transferred to Defendant for collections.

11. At that point, Defendant imposed an unconscionable collection fee upon Plaintiff in the amount of $1,028.49. The collection fee represents 40% of the alleged balance due.

12. Since beginning collections, Defendant has credit reported a balance on Plaintiff's credit report, and sent Plaintiff some letters concerning the debt. Upon information and belief, Defendant has failed to conduct any further collection activity on the alleged debt.

13. The early termination penalty being sought by Defendant is void; therefore the collection of this fee violates the FDCPA. In general, Arizona law does not allow a creditor to assess penalties upon a consumer debtor. In order to determine whether an additional charge is a penalty or a permissible liquidated damage provision Arizona courts apply a two pronged test: A fee is considered an enforceable liquidated damages provision if (1) the amount fixed in the contract is a reasonable forecast of just compensation for harm caused by breach, and (2) accurate estimation of the harm caused by breach is difficult or impossible to accurately determine. *Pima Sav. & Loan Ass'n v. Rampello*, 168 Ariz. 297, 300 (Ct. App. 1991).

14. Defendant cannot establish the first prong. In this case, upon information and belief, the $2,610 lease break charge is not within the original contract. Arguendo, even were such a charge enunciated within the contract, the amount is not just compensation for harm caused by a renter's breach of his or her rental agreement. Here, Plaintiff's monthly rent was $1,155. The Original Creditor may have been able to find a tenant right after Plaintiff's departure, or perhaps for a matter of months. Either way, the $2,610 is a fixed amount that cannot be described as just compensation for the harm caused by Plaintiff's breach.

15.    Defendant is also unable to establish the second prong. As noted above, given Plaintiff's fixed rental amount, determining the harm caused by the breach is relatively simple—determine the amount of rent lost as a result of Plaintiff's breach.

16.    Because neither prong can be established, the $2,610 is a penalty and is therefore void. Accordingly, by attempting to collect a penalty which it is not entitled to collect, Defendant violated the FDCPA.

17.    Similarly, Defendant's unconscionably large collection fee is a violation of the FDCPA. Upon information and belief, the contract between Plaintiff and the original creditor does not provide for a 40% collection fee. Arguendo, if the contract allows for such a fee, the fee would still be illegal because the fee bears no relationship to the actual cost of collection. This is evidenced from Defendant's immediate application of the collection fee, as soon as it received the account.

18.    Even further, assuming the contract does provide for such a fee, given the fixed amount, it is clearly a penalty or a liquidated damage fee. Applying Arizona's two pronged test, the amount cannot be a reasonable forecast of harm caused by the breach because a collection fee is only received by the debt collector, a fee which does not benefit the original creditor or make it whole from the breached contract. Second, the collection fees assessed are reasonably calculable, and could not amount to 40% simply for reporting the debt to the credit bureaus and sending out a letter to the Plaintiff. Accordingly, the collection fee is a penalty, and therefore any provision imposing such a fee is void.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

20. Plaintiff seeks certification of the following classes, initially defined as follows:

**Collection Fee Class: All consumers with an Arizona address for which Defendant has attempted to collect an illegal fee concerning debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint.**

21. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

22. Upon information and belief, the members of each class range in the hundreds; the members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

24. There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members. These common questions of law and

fact include, without limitation: (i) Whether Defendant violated the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief; and, (v) Whether Defendant's conduct was willful.

### Typicality

25. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

32. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq***

33. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

34. Defendant's illegal conduct has violated the following sections of the FDCPA:

> **§ 1692e. False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)  The false representation of--**
>
>> **(A)  the character, amount, or legal status of any debt;**
>>
>> **(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;**
>
> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

WHEREFORE, Plaintiff, Brandon Corbett, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

c. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

d. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

e. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 29th day of June, 2017.

                                                   Respectfully Submitted,

                                                   /S/ John Prather  
                                                   John Prather, Esq.  
                                                   5864 N. 83rd Street  
                                                   Scottsdale, AZ 85250  
                                                   (480) 296-1507  
                                                   johnlprather@gmail.com